1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MCHONE ET AL

                    Plaintiff,

     v.

FAR NORTHERN REGIONAL CENTER,
et al.,

                    Defendants.

_____/

No. C-14-03385 EDL

CASE MANAGEMENT AND
PRETRIAL ORDER FOR JURY TRIAL

      Following the Case Management Conference held on October 21, 2014 , IT IS HEREBY

ORDERED THAT pursuant to Fed. R. Civ. P. 16, the following case management and pretrial order is

entered:

      1.    <u>TRIAL DATE</u>

          a.    Jury trial will begin on December 7, 2015 at 8:30 a.m. in Courtroom E, 15th

Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.  Should a daily transcript and/or realtime

reporting be desired, the parties shall make arrangements with Debra Campbell, Court Reporter

Supervisor, at (415) 522-2079 or Debra_Campbell@cand.uscourts.gov, at least 14 days prior to the trial

date.

          b.    The length of the trial will be not more than 5 days.

      2.    <u>DISCOVERY</u>

          a.    All non-expert discovery shall be completed no later than June 2, 2015.  There

will be no further non-expert discovery after that date except by order of the Court for good cause

shown.  Motions to compel non-expert discovery must be filed within the time limits contained in Civil

Local Rule 26-2.

**United States District Court**
For the Northern District of California

b.      Initial expert disclosures shall be made no later than May 19, 2015.  Rebuttal expert disclosures shall be made no later than June 29, 2015.  All treating physicians who will provide opinion testimony beyond that which can be provided by a lay person must be disclosed as expert witnesses, but they need not prepare expert reports unless ordered to do so by the Court.

c.      All expert discovery shall be completed no later than August 19, 2015.  There will be no further expert discovery after that date except by order of the Court for good cause shown. Motions to compel expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

d.      Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court.  The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel.  **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date.**

e.      Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

f.      **Privilege logs.**  If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of similarly situated documents:

1.      The name and job title or capacity of the author;

2.      The name and job title or capacity of each recipient;

3.      The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

2

**United States District Court**
For the Northern District of California

4.      The title and description of the document;

5.      The subject matter addressed in the document;

6.      The purpose(s) for which it was prepared or communicated; and

7.      The specific basis for the claim that it is privileged.

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due (in a rolling production, 14 days after each set of documents is produced), unless the parties stipulate or the Court orders otherwise in a particular case.

g.      In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced <u>all</u> such materials so described that are locatable after a diligent search of <u>all</u> locations at which such materials might plausibly exist.

3.      <u>MOTIONS</u>

The last day to file a  motion, or stipulation and proposed order, to join other parties shall be November 17, 2014.

The last day to file a  motion, or stipulation and proposed order, to amend the pleadings shall be November 17, 2014.

The last day for hearing dispositive motions shall be September 1, 2015.  Dispositive motions shall be served and filed no later than **thirty-five (35)** days prior to the scheduled hearing date.  Briefing shall be in compliance with Civil Local Rule 7-3.

4.      <u>ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE</u>

The parties have been referred to private mediation.

5.      <u>PRETRIAL CONFERENCE</u>

a.      A pretrial conference shall be held on November 7, 2015 at 2:00 p.m. in Courtroom E, 15th Floor.  **Each party shall attend personally or by lead counsel who will try the case.**  The timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be governed by this order.

b.      **At least thirty (30) days** prior to the date of the pretrial conference, lead counsel shall meet and confer regarding:

3

**United States District Court**
For the Northern District of California

(1)     Preparation and content of the joint pretrial conference statement;

(2)     Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

(3)     Settlement of the action.

c.     **At least twenty (20) days** prior to the pretrial conference, counsel and/or parties shall:

(1)     Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

(a)     *The Action.*

(i)     Substance of the Action.   A brief description of the substance of claims and defenses which remain to be decided.

(ii)     Relief Prayed.   A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(b)     *The Factual Basis of the Action.*

(i)     Undisputed Facts.   A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(ii)     Disputed Factual Issues.   A plain and concise statement of all disputed factual issues which remain to be decided.

(iii)     Agreed Statement.   A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

United States District Court

For the Northern District of California

(iv)  <u>Stipulations.</u>  A statement of stipulations requested or proposed for pretrial or trial purposes.

(c)  *Disputed Legal Issues.*

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions, and any procedural or evidentiary issues.

(d)  *Trial Preparation.*

(i)  <u>Witnesses to Be Called.</u>  With regard to witnesses disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

(ii)  <u>Estimate of Trial Time.</u>  An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

(iii)  <u>Use of Discovery Responses.</u>  Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness with page and line references, from interrogatory answers, or from responses to requests for admission.

(e)  *Trial Alternatives and Options.*

(i)  <u>Settlement Discussion.</u>  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

**United States District Court**
For the Northern District of California

(ii)    <u>Amendments, Dismissals.</u>  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

(iii)    Bifurcation, Separate Trial of Issues.  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(f)    *Miscellaneous.*

Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2)    Serve and file trial briefs, motions <u>in</u> <u>limine</u> (including any motion regarding the qualifications or testimony of any expert witness), proposed voir dire questions, jury instructions, verdict forms and excerpts from discovery that will be offered at trial (include a copy of the deposition testimony or admission).  The parties shall submit proposed jury instructions **jointly**.  If there are any instructions on which the parties cannot agree, those instructions may be submitted separately;

(3)    Serve and file an exhibit setting forth the qualifications and experience of each expert witness;

(4)    Serve and file a list of each party's exhibits by numbers 1-500 (plaintiff) or numbers 750-1250 (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

(5)    Exchange exhibits which shall be <u>premarked</u> (plaintiff shall use numbers 1-500; defendant shall use numbers 750-1250) and <u>tabbed</u>.  Exhibits shall be three-hole punched and shall be submitted in binders.  Each exhibit shall be marked on the front page or on the back of the last page with the information contained in Exhibit A to this Order; and

(6)    Deliver <u>two</u> sets of all premarked exhibits to chambers (exhibits are not to be filed).  The two sets of premarked exhibits shall be for Court use

**United States District Court**
For the Northern District of California

1   only. The parties shall bring a third set of their trial exhibits to trial to

2   present to witnesses.

3   No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not

4   disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court, by the

5   above deadline, without leave of the Court and for good cause.

6   d.   **At least ten (10) days** prior to the pretrial conference, after meeting and

7   conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file:

8   (1) any objections to exhibits or to the use of deposition excerpts or other discovery; (2) any objections

9   to non-expert witnesses; (3) any objection to proposed voir dire questions, jury instructions and verdict

10  forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion in limine.

11  No replies shall be filed.

12  e.   All motions in limine and objections shall be heard at the pretrial conference.

13  6.   JURY TRIAL

14  a.   Counsel shall submit an agreed upon set of voir dire questions to be posed by

15  the Court.  Any voir dire questions on which counsel cannot agree may be submitted separately.

16  Counsel shall be allowed brief follow-up voir dire after the Court's questioning.

17  b.   The following jury instructions from the Manual of Model Civil Jury Instructions

18  for the Ninth Circuit (2007 Edition) shall be given absent objection:  1.1-1.2, 1.6-1.14, 1.18, 2.11.

19  Counsel shall submit **jointly** an agreed upon set of case specific instructions, using the Ninth Circuit

20  Manual where appropriate.  Do not submit duplicates of those listed above.  Any instructions on which

21  counsel cannot agree may be submitted separately.  Each requested instruction shall be typed in full on

22  a separate page with citations to the authority upon which it is based and a reference to the party

23  submitting it.  A **second blind copy** of each instruction and verdict form shall also be submitted,

24  omitting the citation to authority and the reference to the submitting party.

25  7.   All documents filed with the Clerk of the Court shall list the civil case number followed

26  by the initials "**EDL**."  One copy shall be clearly marked as a **chambers** copy.  Chambers copies shall

27  be three-hole punched at the left side, suitable for insertion into standard binders.  In addition, all

28  proposed jury instructions, motions in limine, forms of verdict and trial briefs shall be accompanied by

a diskette containing a copy of the document formatted in WordPerfect 6.1, 7, 8, 9 or 10 (Windows) or 8.0 (Windows).

Dated:  November 3, 2014

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

**United States District Court**
For the Northern District of California

# EXHIBIT A

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra, Deputy Clerk

------------------------------------------------

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra, Deputy Clerk

------------------------------------------------

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra, Deputy Clerk

------------------------------------------------

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra,  Deputy Clerk

------------------------------------------------

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra, Deputy Clerk

------------------------------------------------

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra, Deputy Clerk

------------------------------------------------

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra, Deputy Clerk

------------------------------------------------

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra,  Deputy Clerk

------------------------------------------------

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra,  Deputy Clerk

------------------------------------------------

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra, Deputy Clerk

------------------------------------------------

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra,  Deputy Clerk

------------------------------------------------

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case Number:

PLTF / DEFT EXHIBIT
NO._____

Date
Admitted:_____

By:_____
        Stephen Ybarra,  Deputy Clerk

------------------------------------------------